IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KISBY LEES MECHANICAL LLC,
t/a KISBY SHORE CORP.

                Plaintiff,

     v.

PINNACLE INSULATION, INC.,

                Defendant.

HONORABLE JEROME B. SIMANDLE

Civil No. 11-5093 (JBS/AMD)

**OPINION**

APPEARANCES:

Eric M. Wood, Esq.
FOX ROTHSCHILD LLP
Midtown Building
1301 Atlantic Avenue
Suite 400
Atlantic City, NJ 08401-7278
    Attorney for Plaintiff/ Counterclaim Defendant

Shana McMahon, Esq.
JACOBY DONNER, PC
1700 Market Street
Suite 3100
Philadelphia, PA 19103
    Attorney for Defendant/ Counterclaimant

**SIMANDLE**, Chief Judge:

I.    **INTRODUCTION**

    Plaintiff, Kisby Lee Mechanical LLC, t/a Kisby Shore Corp.
("Kisby"), brought this action in the Superior Court of New
Jersey, Atlantic County, seeking confirmation of an arbitration
award, and Defendant, Pinnacle Insulation, Inc. ("Pinnacle"),
removed the action to this Court.  [Docket Item 1.]

Defendant Pinnacle brought a Counterclaim asserting claims for breach of contract, unjust enrichment, and promissory estoppel. [Docket Item 5.] This matter is currently before the Court on Plaintiff's motion to dismiss Defendant's Counterclaim. [Docket Item 9.] For the reasons set forth below, the Court will convert Plaintiff Kisby's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, and Defendant Pinnacle will have fourteen (14) days to adduce admissible evidence in opposition to the motion.

## II. BACKGROUND

Plaintiff Kisby is a Heating, Ventilating and Air Conditioning ("HVAC") contractor, and Defendant Pinnacle is a mechanical contractor. Kisby engaged Pinnacle, as a subcontractor, to supply HVAC insulations on a number of projects that Kisby performed pursuant to subcontracts with higher tier contractors.

### A. Procedural History

Defendant Pinnacle previously filed a complaint against Plaintiff Kisby with this Court on May 19, 2010, docketed at Civ. No. 10-2573, but Pinnacle voluntarily dismissed the complaint on June 25, 2010, without prejudice in order to pursue arbitration.

On August 16, 2011, Kisby filed the present action in the Superior Court for the State of New Jersey, seeking confirmation of an arbitration award.  On September 2, 2011, Pinnacle removed the action to this Court pursuant to 28 U.S.C. § 1441 et seq. [Docket Item 1.]

Pinnacle filed its Answer and Counterclaim on November 23, 2011.  [Docket Item 5.]  In its Counterclaim, Pinnacle asserted claims for (1) breach of contract, (2) unjust enrichment, and (3) promissory estoppel.

Kisby filed the instant motion to dismiss Pinnacle's Counterclaim under Rule 12(b)(6) for failure to state a claim on December 28, 2011.  [Docket Item 9.]  Kisby claims that (1) res judicata, (2) the entire controversy doctrine, and (3) the doctrine of arbitration and award bar Pinnacle's Counterclaim. Id.  Kisby further requests that if the Court declines to dismiss the Counterclaim with prejudice, the Court dismiss the Counterclaim without prejudice and compel Pinnacle to pursue its claims in arbitration.  Id. at 24.

On February 7, 2012, Pinnacle filed its Brief in Opposition to Kisby's Motion to Dismiss the Counterclaim.  [Docket Item 15.]  Pinnacle also requests that, if the Court grants any part of Kisby's 12(b)(6) motion, the Court grant Pinnacle leave to file an amended complaint alleging fraud.  Id. at 14-15.

3

Pinnacle based this request on the assertion that, subsequent to the arbitration award, Pinnacle learned that Kisby had received payment for Pinnacle's work.  Id.

On February 14, 2012, Kisby filed a Reply Brief in further support of its motion to dismiss Pinnacle's Counterclaim. [Docket Item 16.]

**B. Allegations in the Counterclaim**

As Plaintiff Kisby moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must, at this stage, take as true all facts alleged by Defendant Pinnacle in the Counterclaim. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  Defendant alleges the following facts:

Pinnacle is an insulation subcontractor that entered into written subcontracts with Kisby to provide labor, materials, equipment, and services on construction projects in Atlantic and Cumberland Counties in New Jersey.  Def.'s Countercl. ¶ 5. Pinnacle and Kisby entered into subcontracts on June 16, 2006 and September 18, 2007, in which Kisby agreed to pay Pinnacle $787,292.25 and $181,220.00, respectively, for insulation work at the Atlanticare Medical Center City Campus.  Id. at ¶ 6. Pinnacle performed its work under the subcontracts in a "good and workmanlike manner" and has not been notified of any defects or deficiencies in its performance.  Id. at ¶ 7.  Pinnacle

4

completed all work in accordance with the subcontracts and invoiced Defendant for payment.  Id. at ¶ 8.

Defendant Pinnacle argues that Kisby invoiced the higher tier contractor Driscoll for Pinnacle's work, received full payment for Pinnacle's work, and provided final releases to the higher tier contractor on the projects.  Id. at ¶ 9.  Despite having received full payment for Pinnacle's work, Kisby failed to fully pay Pinnacle in accordance with the subcontracts and still owes Pinnacle $103,521.42.  Id. at ¶¶ 10, 14.

Defendant Pinnacle argues, in the alternative, that if Kisby has not received payment for Pinnacle's work and did not pursue payment for that work, Kisby has breached its contractual obligations under the implied duty of good faith and fair dealing inherent in every contract in New Jersey.  Id. at ¶ 12.

Regardless of whether Kisby has received payment from Driscoll or not, Kisby has not paid Pinnacle the $103,521.42 outstanding on the contract, despite repeated demands for payment.  Id. at ¶ 14.

**C. Matters Outside the Counterclaim**

Information regarding the arbitration proceeding is not found in Defendant Pinnacle's Counterclaim, but is instead found

in the parties' other submissions to the Court.[1]  The following
matters are presented outside the Counterclaim:

On May 19, 2010, Pinnacle (Defendant in the present action)
filed a complaint in this Court, docketed at Civ. No. 10-2573.
Pinnacle and Kisby agreed to arbitrate all issues raised in the
complaint.  Pl.'s Compl. ¶ 10; Decl. of Jacob S. Perskie, Br.
Supp. Pl.'s Mot. to Dimiss ("Perskie Decl."), Ex. B.  Pinnacle
then voluntarily dismissed the initial complaint without
prejudice.  Civ. No. 10-2573, [Docket Item 4.]

The parties agreed to private arbitration with John E.
Keefe, a retired judge.  After discussion between the parties,
Defendant Pinnacle's counsel e-mailed Judge Keefe to confirm the
parties' agreement to arbitrate and limiting the arbitration
proceedings:

> The sole issue remaining is whether there [sic]
> payment provisions of the contract make payment to the
> subcontractor expressly contingent on the receipt of
> payment from the owner (pay-if-paid) or simply create
> at [sic] timing mechanism whereby the contractor may
> withhold payment from the subcontractor for a

---

[1] Specifically, the information is found in Plaintiff's
Complaint, Plaintiff's Brief in Support of its Motion to Dismiss
the Counterclaim, Defendant's Memorandum of Law in Opposition to
Plaintiff's Motion to Dismiss the Counterclaim, and Plaintiff's
Reply Brief in Further Support of Plaintiff's Motion to Dismiss
the Counterclaim.

reasonable time while awaiting payment from the owner (pay-when-paid)[2].

Pl.'s Compl. ¶¶ 17-18; Perskie Decl. Ex. E.

On May 24, 2011, stating that it was undisputed that Kisby had not been paid by the higher tier contractor, Judge Keefe found in Kisby's favor and decided that the contracts between

---

[2] This Court recently explained the distinction between "pay-when-paid" and "pay-if-paid" clauses:

Under [a "pay-when-paid" clause] in a construction subcontract, a contractor's obligation to pay the subcontractor is triggered upon receipt of payment from the owner. Most courts hold that this type of clause at least means that the contractor's obligation to make payment is suspended for a reasonable amount of time for the contractor to receive payment from the owner. The theory is that a "pay-when-paid" clause creates a timing mechanism only. Such a clause does not create a condition precedent to the obligation to ever make payment, and it does not expressly shift the risk of the owner's nonpayment to the subcontractor . . . .

. . . Under a "pay-if-paid" provision in a construction contract, receipt of payment by the contractor from the owner is an express condition precedent to the contractor's obligation to pay the subcontractor. A "pay-if-paid" provision in a construction subcontract is meant to shift the risk of the owner's nonpayment under the subcontract from the contractor to the subcontractor.

Fixture Specialists, Inc. v. Global Const., LLC, No. 07-5614, 2009 WL 904031 *4 (D.N.J. Mar. 30, 2009) (quoting MidAmerica Const. Management Co., Inc. v. Mastec North America, Inc., 436 F.3d 1257 (10th Cir.2006)).

Kisby and Pinnacle contained a valid "pay-if-paid" clause.
Pl.'s Compl. ¶¶ 21-22; Perskie Decl. Ex. F.

## III. DISCUSSION

### A. Standard of Review

Kisby challenges the sufficiency of the Counterclaim under
Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon
which relief can be granted."  Courts apply the same standard to
counterclaims as they do to complaints in ruling on a Rule
12(b)(6) motion.  <u>Tyco Fire Products LP v. Victaulic Co.</u>, 777 F.
Supp. 2d 893, 898 (E.D.Pa. 2011).  A motion to dismiss pursuant
to Rule 12(b)(6) may be granted only if, "accept[ing] all
factual allegations as true" and "constru[ing] the complaint in
the light most favorable to the [nonmoving party]," the
nonmoving party is not entitled to relief.  <u>Phillips</u>, 515 F.3d
at 231.

In assessing motions to dismiss, district courts in the
Third Circuit conduct a two-part analysis.  <u>Fowler v. UPMC
Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  First, the
factual and legal elements of a claim should be separated; a
district court must accept all of the complaint's well-pleaded
facts as true, but may disregard any legal conclusions.  <u>Id.</u>
Second, a district court must determine whether the facts

alleged in the complaint are sufficient to show that the nonmoving party has a "plausible claim for relief." Id. at 211.

### B. Conversion to Motion for Summary Judgment

Plaintiff Pinnacle argues that Defendant Kisby's Counterclaim is barred by (1) the doctrine of res judicata, (2) the entire controversy doctrine, and (3) the doctrine of arbitration and award.  Plaintiff supports the motion to dismiss by attaching the declaration of Jacob S. Perskie, Plaintiff's counsel, containing information regarding the arbitration proceedings and pre-arbitration discussions between the parties.

In ruling on a Rule 12(b)(6) motion to dismiss, a district court may not consider matters extraneous to the pleading sought to be dismissed.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Fed. R. Civ. P. 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As a general rule, a district court considering a 12(b)(6) motion to dismiss relies on "the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); see also In re Burlington Coat Factory,

114 F.3d at 1425 (deciding that the district court, in ruling on a motion to dismiss, should not have considered information from the brief supporting the motion to dismiss).

1. Affirmative Defenses Apparent on the Face of the Complaint

While affirmative defenses, such as res judicata and the entire controversy doctrine, could be proper grounds for a dismissal under Rule 12(b)(6), they may not afford the basis for a dismissal if they are not "apparent on the face of the complaint." Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997). If the affirmative defense is not apparent on the face of the complaint—or, in this case, the Counterclaim—the district court should not resolve the case on a Rule 12(b)(6) motion, but instead should (1) deny the motion without prejudice to renew in the form of a motion for summary judgment pursuant to Fed. R. Civ. P. 56, or (2) convert the Rule 12(b)(6) motion into a Rule 56 motion pursuant to Fed. R. Civ. P. 12(d). Rycoline Products, Inc., 109 F.3d at 886.

Applying this principal, in Brody v. Hankin, 145 F. App'x 768, 772 (3d Cir. 2005), the Third Circuit Court of Appeals reversed a district court's decision to dismiss a case on a Rule 12(b)(6) motion because the district court erroneously relied on documents related to an arbitration proceeding; as the

10

plaintiffs did not mention information from these documents in their complaint, they were "off-limits to the District Court." Id.

In the present case, res judicata, the entire controversy doctrine, and arbitration and award are not apparent on the face of the Counterclaim.  While facts related to such defenses are alleged in the Complaint, Plaintiff has pointed to no cases holding that the Court can consider facts alleged in a complaint on a 12(b)(6) motion to dismiss a counterclaim, and the Court has been unable to find any such holding.  Therefore, the Court cannot consider documents related to the arbitration proceedings on the instant 12(b)(6) motion.

2. Judicial Notice of Public Records

As Plaintiff Kisby notes, a district court may consider certain materials without converting the motion to dismiss into a motion for summary judgment.  In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Specifically, a district court may rely on public records, including judicial proceedings, in addition to the allegations in the complaint.  See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Sands, 502 F.3d at 268 (same).

11

In its motion to dismiss, Plaintiff Kisby presents to the Court matters outside the Counterclaim, but Plaintiff provides no evidence to support its assertion that these matters can be considered.  For example, Plaintiff urges the Court to consider the content of the arbitration award but does not assert that the award is a matter of public record.  As the Court finds no indication that the arbitration award is a matter of public record, the Court declines consider it as such.  The Court will not consider matters presented outside the Counterclaim without converting the motion.

3. Undisputedly Authentic Document on which the Complaint is Based

Alternatively, in Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), the Third Circuit Court of Appeals decided that a district court could consider an undisputedly authentic document that a defendant attaches as an exhibit to a Rule 12(b)(6) motion if the plaintiff's claims are "based on" the document.  See also In re Burlington Coat Factory, 114 F.3d at 1426 (maintaining that a court may consider a document "integral to" or "explicitly relied upon" in the complaint without converting the motion to dismiss into one for summary judgment).  The arbitration proceedings are not integral to or explicitly relied upon in the

12

Counterclaim, and, therefore, these matters remain outside the scope of permissible judicial inquiry on a 12(b)(6) motion.

###### 4. Fed. R. Civ. P. 12(d)

Where matters outside the pleadings are relied upon in a Rule 12(b)(6) motion, a district court must either deny the motion or convert it to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d).  If a court converts the motion, it must "provide[] notice of its intention to convert the motion and allow[] an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing."  Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).

In the present case, the Court cannot consider information from Plaintiff's Complaint without converting Plaintiff's Rule 12(b)(6) motion to a Rule 56 motion and will therefore convert the Rule 12(b)(6) motion to a Rule 56 motion.  Defendant will have fourteen (14) days to submit factual opposition to Plaintiff's motion for summary judgment.

**IV.  CONCLUSION**

For the reasons set forth above, the Court converts Plaintiff's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment.  Defendant Pinnacle will have fourteen (14) days to submit admissible evidence in opposition to Plaintiff's motion.

Any reply by Kisby will be due seven (7) days thereafter.  The accompanying Order will be entered.


**July 31, 2012**                              **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge